IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KYLE C. ANDERSON,<br>CORRIE D. ANDERSON, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | Case No. _____ |
| BRIGHT HORIZONS FAMILY<br>SOLUTIONS, INC., | ) ) ) ) | |
| *Defendant.* | ) | JURY DEMAND |

## COMPLAINT

Plaintiffs sue for damages arising out of child abuse which occurred at Defendant's childcare center in Nashville, and Plaintiffs state the following facts in support of their claims.

### Parties

1. Plaintiff Kyle Anderson is a citizen of Tennessee who resides at 653 James Avenue, Nashville, Tennessee 37209. Mr. Anderson is Corrie's husband.

2. Plaintiff Corrie D. Anderson is a citizen of Tennessee who resides at 653 James Avenue, Nashville, Tennessee 37209. Mrs. Anderson is Kyle's wife.

3. Plaintiffs are parents of minor children: (1) Carter Anderson ("Carter") their son born on January 6, 2021 and (2) Jack Anderson ("Jack") their son born on December 22, 2022.

4. Defendant Bright Horizons Family Solutions, Inc. ("Bright Horizons") is a Delaware corporation with its principal place of business in Massachusetts. Bright

Horizons does business as a childcare center located at 2606 Charlotte Avenue, Nashville, Tennessee 37209. Bright Horizon's registered agent is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## Jurisdiction & Venue

5. Diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Nashville.

## Facts

6. Bright Horizons contracted with Plaintiffs to render childcare services for their sons Carter and Jack.

7. As a childcare center, Bright Horizons is governed by Tennessee's Licensure Rules and Regulations for Child Care Agencies specified in Chapter 1240-04-01. Carter and Jack were within the class of citizens protected by these rules and regulations.

8. The Tennessee Department of Human Services monitors childcare centers for compliance with licensing rules to promote childcare environments that are safe and healthy.

9. During a complaint investigation, the Department of Human Services discovered Bright Horizons violated various rules and regulations specified in

Chapter 1240-04-01, therefore, the Department sent a formal notice to Bright Horizons that licensure violations had occurred. *See* **Exhibit A.**

10. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.13, no child shall be forced to eat, food shall not be withheld from a child, and children shall be given adequate time to eat.

11. This regulation ensures children receive nutritious food critically necessary for maintaining their basic comfort, health and growth needs, as well as to ensure parents have the information necessary to make decisions regarding their child's nutrition.

12. Staff at Bright Horizons violated the regulation by withholding food from Carter and Jack due to their alleged behavior at the table. These children were not offered milk on certain occasions. Food was thrown away if they did not comply with rules at the table.

13. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.15, discipline shall be reasonable, appropriate, and in terms the child can understand. Potentially shaming, humiliating, frightening, being verbally abusive, using injurious discipline methods or techniques that isolate the child are prohibited. Discipline shall not be related to food, rest, or toileting. Food shall not be used or withheld as a form of discipline. Active play opportunities shall not be withheld from children who have misbehaved. Spanking and all types of corporal punishment are prohibited.

14. This regulation requires children to be disciplined in positive, non-punitive ways that help them develop the inner controls needed to manage their own behavior in a socially acceptable manner.

15. This regulation requires management to have policies prohibiting staff from using any behavior management techniques that are verbally or physically cruel, harsh, abusive, humiliating, shaming, frightening, or injurious to children. Discipline is the most effective when it is consistent, reinforces desired behavior and offers natural and logical consequences the child can understand based on his/her age and development.

16. This regulation acknowledges positive methods of discipline help guide children toward self-discipline and independence. It occurs in a constructive and supportive environment that often involves redirection of behavior, problem solving, labeling of emotions, modeling words to express one's wishes, and teaching conflict resolution skills, prior to disciplining a child for an unacceptable behavior. Positive discipline helps a child to gain control over his or her behavior or emotions. A goal of positive discipline is to have the child feel he or she is an important and valued individual who can handle another similar incident successfully. It is not punishment. Positive discipline builds on the strengths of the child and the positive behavior he or she needs to demonstrate.

17. Staff at Bright Horizons violated the regulation by shaming, humiliating, frightening, and/or abusing Carter and Jack. The abuse included

pinching, grabbing, ear pulling, and bending of their toes. Staff also violated the regulation by subjecting Carter to corporal punishment.

18. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.05, falsification of any information or documentation at a childcare center is prohibited.

19. Staff at Bright Horizons violated the regulation by falsifying digital daily reports. Information in diapering and mealtime was not accurate. Documents indicated diapers were checked and changed, but that did not happen. Activities were staged for photos to parent, when food was withheld from Carter and Jack for alleged misbehavior.

20. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.09, serious incidents involving suspected child abuse or neglect must be reported to The Department of Children's Services ("TDCS"). This regulation protects children and avoids the risk of extreme harm posed by possible continued abuse by requiring the childcare center to report any reasonable suspicion of abuse immediately so that the process of investigation and intervention can begin immediately. Failure to report may subject the child to subsequent abuse that was preventable.

21. Staff at Bright Horizons violated the regulation when they informed the director and assistant director of suspected abuse of Carter and Jack, yet these staff did not report suspected abuse to TDCS.

22. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.10, every operator, owner, licensee, director, primary educator or staff of a childcare center licensed by TDCS must immediately report any reasonable suspicion of child abuse or neglect to

either TDCS, local law enforcement, or the judge of the juvenile court in the county of the child's residence in conformity with Tenn. Code Ann. §§ 37-1-403 and 37-1-605.

23. This regulation protects children and avoids the risk of extreme harm posed by possible continued abuse by requiring the provider to report any reasonable suspicion of abuse immediately in order that the process of investigation and intervention might begin immediately. Failure to do so may subject the child to potential subsequent abuse that was preventable.

24. Any statement from a child reasonably indicating abuse/neglect of that child or another child, or any evidence of abuse/neglect observed on a child, shall be immediately reported by staff to TDCS, local law enforcement, or to the judge of the juvenile court in the county of the child's residence.

25. The childcare center and/or staff shall not delay reporting possible abuse or neglect to investigate or verify the abuse/neglect allegations. The childcare center shall limit questioning of the child to basic inquiries necessary to determine if any reasonable possibility of abuse or neglect exists. No suggestions as to the validity of the child's statements shall be made to the child during this time. The childcare center shall not attempt to validate ("prove") the allegation prior to making a report as required by the law.

26. Each childcare center shall develop written procedures, approved by TDCS, for staff to follow when reporting suspected abuse or neglect alleged to have occurred in the childcare center.

6

Case 3:24-cv-01045    Document 1    Filed 08/27/24    Page 6 of 10 PageID #: 6

27. Management at Bright Horizons violated the regulation when staff informed them of suspected abuse of Carter and Jack yet failed to report that suspected abuse to TDCS, local law enforcement, or the judge of the juvenile court in the county of the child's residence.

28. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.12, children shall be checked regularly throughout the day to determine if they are wet or soiled. To comply, the staff must follow all diaper changing and handwashing procedures to prevent the spread of illness and bacteria or germs. Failure to do this puts children at extreme risk of preventable harm.

29. Staff at Bright Horizons violated the regulation when they did not change Jack immediately when he was soiled. Jack's diapers were not checked throughout the day.

30. Pursuant to Tenn. Comp. R. & Regs. 1240-04-01-.09., incidents, accidents, injuries, and signs of illness shall be reported to the parent no later than the child's release to the parent on the date of the occurrence. To comply, the childcare center must document all incidents involving a child in their care and must inform the parents. The incident report must be filed in the child's file within one day of the incident to have the most accurate information available when an incident occurs.

31. Staff at Bright Horizons violated the regulation because Carter and Jack had been involved in incidents including ear pulling, pinching, verbal abuse, and bending of feet and toes. There were eyewitnesses to these incidents which were not reported to Mr. Anderson or Mrs. Anderson using incident reporting methods.

## Count I – Negligence

32. Bright Horizons owed Carter and Jack a duty to comply with Tennessee's Licensure Rules and Regulations for Child Care Agencies specified in Chapter 1240-04-01. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

33. Bright Horizons owed Carter and Jack a duty to train, supervise, monitor, discipline, or terminate its staff who rendered childcare services. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

34. Bright Horizons owed Carter and Jack a duty to operate, control, and/or maintain its premises in full compliance with all Tennessee rules and regulations. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

35. Bright Horizons owed Carter and Jack an affirmative duty of protection from foreseeable harm while they were at the facility. This included a duty to investigate allegations of child abuse and to report those allegations to their parents. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

36. Bright Horizons owed Carter and Jack a duty to install surveillance cameras throughout the premises to record any abuse so that it would be discovered immediately to prevent further abuse. Installation of surveillance cameras throughout the premises would also deter abuse. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

37. Pursuant to Tenn. Code Ann. § 37-1-403, Bright Horizons and its staff were required to report alleged cases of child abuse. Carter and Jack were in the class

8

Case 3:24-cv-01045    Document 1    Filed 08/27/24    Page 8 of 10 PageID #: 8

of citizens that the statute was enacted to protect. Bright Horizons and its staff did not notify TDCS, the judge having juvenile jurisdiction over the child, the Davidson County Sheriff, or the Metropolitan Nashville Chief of Police. Bright Horizons breached this duty which caused personal injury to Carter and Jack.

38. Bright Horizons is vicariously liable for all negligent or reckless acts and omissions of its employees pursuant to the doctrine of respondeat superior.

### Count II – Recklessness

39. This is an egregious case because it involves child abuse of vulnerable citizens.

40. As a licensed childcare center, Bright Horizon had a special relationship with Carter and Jack, and Bright Horizons was supposed to protect them from abusive behavior.

41. Despite that special relationship, management at Bright Horizons was aware of but consciously disregarded a substantial and unjustifiable risk of abuse such that its disregard constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

42. The misconduct was committed by employees who were in a management capacity while they acted within the scope of employment with Bright Horizons.

43. Bright Horizons was reckless in hiring, retaining, supervising, or training its staff, and that recklessness was the proximate cause of abuse to Carter and Jack.

44. Management at Bright Horizons authorized, ratified, or approved the abuse with knowledge or conscious or reckless disregard that the abuse may injure Carter and Jack.

WHEREFORE, Kyle Anderson and Corrie Anderson sue Bright Horizons for compensatory damages and punitive damages in amounts set by the jury, and they seek all other relief allowed by law.

Respectfully Submitted,

**THE KELLY FIRM**

*Clinton L. Kelly*

Clinton L. Kelly, BPR No. 16171
F. Dulin Kelly, BPR No. 04085
629 East Main Street
Hendersonville, TN 37075
Telephone: 615-800-0000
clint@kellyfirm.net
*Counsel for the Plaintiff*

**WRITTEN DISCOVERY SERVED WITH COMPLAINT**